UTICA,
Aug. 1828.

Smith
v.
Hicks.

---

### SMITH and others, executors of SMITH, vs. HICKS.

Where an agreement is entered into between two persons, that one of them shall become special bail for a third in a suit commenced against such third person, and that they will equally bear and pay the losses and damages which may be sustained in consequence of such assumption of responsibility, and they subsequently each contribute their portion to the payment of the debt in the suit in which bail was given, and one of them afterwards receives from a partner of the defendant in the suit the sum advanced by him, it was held that the other, in an action of assumpsit for money had and received, was entitled to recover the moiety of the money received from the partner. A variance between the proof and a bill of particulars cannot be urged on the argument of a case, if the objection was not taken at the circuit.

THIS was an action of assumpsit for money had and received, tried at the New-York circuit in April, 1826, before the Hon. Ogden Edwards, one of the circuit judges. The plaintiffs had furnished a bill of particulars, which stated the claim to be $605 63, being the half of $1211 26, paid by the testator to the defendant, under an agreement that the testator should equally bear and pay with the defendant the losses and damages which he might sustain by reason of his becoming bail for one Cyprian Webster, in a suit commenced in this court in favour of Robert Cheeseborough and others against the said Webster and Giles Griswold, together with the interest of that sum. The defendant, it was alleged, received the money in April, 1822.

The plaintiffs produced in evidence a sealed instrument, executed by the testator, bearing date 18th January, 1820, with a receipt of the defendant indorsed thereon, dated 7th February, 1821. The sealed instrument, after reciting the agreement stated in the bill of particulars, contained a covenant on the part of the testator, that he would perform the agreement, and the receipt indorsed upon it was in the following words : " New-York, Feb. 7, 1821. Received from G. Smith, Esq. a note drawn by Messrs. Smith, McCall & Co., dated 8th inst., at three months, for twelve hundred eleven $\frac{26}{100}$ dollars, being the one half of the judgment, interest and costs in the within mentioned suit, in which I am spe-

cial bail." Signed O. H. Hicks. Which note, it was admitted, had been paid. The agreement between the testator and Hicks, was drawn by an attorney at the request of the testator, in the presence of Webster. Griswold, the co-defendant in the suit referred to in the receipt, testified, that the suit against Webster and himself was commenced for a partnership debt, owing by him and Webster; that at the time when Hicks became bail for Webster, the firm of Smith, McCall & Co., of which the testator was a partner, were creditors of the firm of Webster and Griswold to a large amount; that Webster died insolvent some time ago; that in 1822, Hicks, the defendant in this suit, called upon him, and told him he had paid, or was bound to pay, a large sum of money as bail for Webster, in the suit commenced by Cheeseborough and others, and requested witness to pay him the money which he (Hicks) had so paid or was bound to pay; that he accordingly procured the note of a Mr. Imlay for the amount, and delivered it to the defendant in this cause, for the sum of $1288 91, due 4th April, 1822. An admission of the defendant was then proved, that he had received that note on account of money which he had paid, or was bound to pay as bail for Webster, and that the note had been paid. On this evidence, the judge directed the plaintiff to be called, and a nonsuit to be entered.

*D. B. Ogden,* for plaintiffs, after stating the case, observed that the plaintiffs were equitably entitled to recover, and therefore could sustain their action for money had and received.

*G. Griffin,* for defendant. The bill of particulars claims the half of the amount *paid by the testator* to the defendant, and not the half of the money *received by the defendant* from Griswold. The *probata* and *allegata* must agree. The objection is technical it is admitted, but it was taken at the trial, and is now insisted on.

There was no contract on the part of the defendant with the testator—no agreement to make common cause. The covenant was, on the part of the testator, equally to bear and

pay all losses which should be sustained by the defendant, in consequence of his having become bail for Webster. He fulfilled his covenant, and it was cancelled by being delivered up. After that, all relation between the parties ceased. Allowing them even to have been co-sureties, after the payment by each of his part of the loss, the relation of co-surety-ship ceased. In the payment they were co-sureties, but in the *spes recuperandi* they are not partners. If partners in the spes recuperandi, they must join in an action for their indemnity. This the parties could not have done. Not having a joint interest, they could not have joined in an action. To enable several persons to join in demanding the re-payment of a sum of money, it ought to have been paid out of a joint fund, (19 *Johns. R.* 217,) and that each would have been obliged to bring his separate action, shews that the relationship which had existed between them was destroyed. Had Hicks been under the necessity of commencing a suit for his indemnity, he could not have joined the testator with him as a plaintiff, and had he recovered, the testator could not have called for a distribution. The cancellation of the covenant shews that the parties themselves considered the business as closed between them.

*D. B. Ogden*, in reply. The variance between the evidence and the bill of particulars cannot now be insisted on, as it does not appear *in the case*, that the objection was taken at the circuit.

Whenever a party can shew that *ex æquo et bono* he is entitled to recover, the action for money had and received will lie. The defendant here was the only person who could sue for indemnity ; he alone was the bail of Webster. The testator had made himself responsible only to the defendant, to bear equally with him the loss ; when, therefore, the defendant was refunded the money paid, he became the trustee of the testator for the one half. They agreed to divide the loss, and each party is entitled to participate in what is recovered from the adventure. Suppose the *whole*, instead of the *half*, had been received by the defendant from Griswold, is there a doubt but what, in equity, the defendant would have been

compelled to account to the testator ? and if so, this suit can be sustained.  The instrument of 1820 is not cancelled, the payment of the one half is endorsed, and that being the extent of the testator's liability to the now defendant, the paper was delivered up to him.

*By the Court*, WOODWORTH, J.   The plaintiffs declared on the money counts.  The bill of particulars stated the demand to be for $605,63 money received by the defendant for the use of the testator, being one half of $1211,26, paid by the testator to the defendant, under an agreement that Smith should equally bear and pay with Hicks, the losses and damages which Hicks might sustain by reason of becoming bail for one Webster, in a suit in favor of Cheeseborough and others against Webster and Griswold.

The plaintiffs proved a receipt, signed by the defendant February 7th, 1821, for a note drawn by Smith, M'Call & Co. at three months for $1211,26, being one half of a judgment in a suit mentioned in a paper on which the receipt was endorsed, which note, it was admitted, had been paid.   The paper writing was then proved.   It was executed by Smith, and stated that it had been agreed between Hicks and Smith, that the former should become bail for Webster in the cause before mentioned, and that they should equally bear all losses, &c. in consequence of Hicks becoming bail.   Smith covenanted to pay jointly and equally all such losses.   This instrument bears date January 18th, 1820.

Griswold was then called as a witness.   He testified that Webster died insolvent ; that in 1822, Hicks stated that he had paid or was bound to pay a large sum as bail for Webster, and requested the witness to pay him, which he did by procuring a note for $1288,91, due April 1st, 1822, to be given to Hicks for the amount he had paid or was bound to pay.   Hicks admitted the note was paid.   The firm of Smith, M'Call & Co., of which the testator was a partner, was, at the time Hicks became bail, a creditor of Webster and Griswold to a large amount.

The judge nonsuited the plaintiffs.   From this statement, it appears Smith stood in the nature of bail for Webster with

Hicks, who, it is to be inferred, actually entered special bail; and from the written agreement which Smith gave to Hicks, the former bound himself to pay half, or, in other words, to become equally liable. Although the paper was produced by the plaintiffs, it is evident that it had been in Hicks' hands. He endorsed the receipt on it. After that, the writing being satisfied, it was natural to find it in the possession of the testator or his representatives. *At the time* the money was paid on Smith's note, what claim had he? manifestly against Webster and Griswold, who were partners, and had been sued for a partnership debt. Smith had made himself liable at the solicitation of Webster, and was entitled to be reimbursed by them for the money advanced on their account. Thus far it is clear Hicks is protected. The business between him and Smith was closed. Both Smith and Hicks seem to have been remediless, unless they could afterwards obtain payment from Webster and Griswold. Their claim would be separately for one half; for the payment of the judgment of Cheeseborough and others, if paid, was not paid out of joint funds. This principle is established by the case of *Doremus & Wilber* v. *Selden*, (19 *Johns. R.* 213.) Subsequently, however, Hicks demanded of Griswold, the surviving partner, the money he had paid as bail for Webster; and on the 4th April, 1822, received $1288,91. It does not appear that Griswold (who had not been arrested in the suit of Cheeseborough) had any knowledge of the fact that Smith had become jointly liable with Hicks at the request of Webster, and had previously paid one half the recovery; nor does it appear why Hicks accepted only about one half of the sum which it would seem he had become liable for as the bail of Webster, when he might have demanded the whole of Griswold, as so much money paid for his use, on the implied promise of indemnity of his partner; nor is it material in this case to know why a less sum was accepted. Griswold made the payment, on the allegation of Hicks that he had been obliged to pay, or had been charged as special bail of Webster. Under these circumstances, the question arises, was Hicks equitably bound to let Smith participate with him in

UTICA,
Aug. 1828.

the money thus recovered ? The money was paid by Griswold to satisfy what had been advanced in consequence of Hicks becoming the bail of Webster. It was received with that intent ; and if so, it seems to me, that as to one half, it was money had and received for the testator. Was not the claim of Smith against Webster and Griswold extinguished *pro tanto,* by the payment of Griswold to Hicks the special bail ? It certainly would be, if Griswold was authorized to make the payment ; and that he was so authorized, I think evident. Hicks was the surety, the only person known by Griswold in the proceedings. Griswold must be considered a stranger to the arrangement between Smith and the defendant. If the plaintiffs cannot recover in this action, I do not perceive they have any other remedy. The palpable injustice of allowing the defendant to retain the money cannot prevail, the principles applicable to the action for money had and received entitling the plaintiffs to recover. The objection that the claim proved does not conform to the bill of particulars cannot now be urged, as it does not appear to have been taken at the circuit.

I am therefore of opinion that the nonsuit be set aside and a new trial granted, with costs to abide the event.

New trial granted.