(4 Mis·· R·p 5·9.)

## LIMAN v. PENNSYLVANIA R. CO.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

BREACH OF CONTRACT—SPECIAL DAMAGES.
    Where plaintiff contracts with defendant railroad company to deliver to plaintiff's employe, on the same day, a ticket for transportation to a distant city, and tells the ticket agent that it is necessary that the employe start at once in order to fulfill an engagement in such city, defendant is put on inquiry as to the special circumstances of the contract, and therefore, on a failure to deliver the ticket, is liable for the excess of wages which the employe would have earned for plaintiff under a contract with persons in the distant city.

Appeal from sixth district court.

Action by George Liman against the Pennsylvania Railroad Company for breach of a contract to deliver a railroad ticket to plaintiff's employe. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry A. Robinson, for appellant.
Herbert J. Hindes, for respondent.

BISCHOFF, J. On the trial it appeared that one John Rauth, a museum freak, known as the "Longest-Headed Man in the World," was under contract with plaintiff to exhibit himself under plaintiff's direction for the agreed compensation of $45 per week, besides traveling expenses, and that plaintiff was under a further contract with Kohl & Middleton to exhibit Rauth at their museum in Chicago for the two weeks commencing January 9, 1893, in consideration of the sum of $75 for each week which Kohl & Middleton had promised to pay. It further appeared that on January 5, 1893, Rauth was in Johnstown, Pa., and that on that day plaintiff paid defendant at its New York office $18, in consideration of which defendant undertook to deliver forthwith to Rauth, at his address in Johnstown, (which was at the time imparted to defendant,) a railroad passage ticket to enable Rauth to proceed by rail from Johnstown to Chicago. It still further appeared that plaintiff's contract with defendant was oral, and that, at the time of making it, defendant was informed by plaintiff's representative that delivery of the ticket to Rauth on the same day was essential to enable Rauth to

proceed to Chicago, where he was required to appear on the succeeding 9th day of the month, for the purpose of exhibition, pursuant to an engagement to that effect. It did not appear that further particulars of plaintiff's contract with Kohl & Middleton were imparted to defendant, or that defendant ever attempted to make delivery of the ticket to Rauth, though plaintiff caused urgent inquiry to ascertain the fact of such delivery to be made of defendant on each of the two days next succeeding the day of his agreement with it. It was conceded that the ticket was not delivered. The evidence also sufficiently supports a finding that Rauth, who had been advised by plaintiff to await the delivery of the ticket, did not proceed to Chicago, in consequence of which plaintiff lost the benefits which would otherwise have inured to him from his contract with Kohl & Middleton. Upon the above state of facts, plaintiff recovered judgment against defendant for $78, being the $18 paid defendant for the railroad ticket, and $30 profit for each of the two weeks' engagement with Kohl & Middleton. Defendant now, while conceding the rule to be that consequential damages resulting from a breach of contract by force of special circumstances are recoverable, provided they may be said to have been within the reasonable contemplation of the contracting parties at the time of making the contract, (Hadley v. Baxendale, 9 Exch. 353; Booth v. Rolling-Mill Co., 60 N. Y. 487; Eagle Tube Co. v. Edward Barr Co., (Com. Pl. N. Y.) 10 N. Y. Supp. 113; 1 Suth. Dam. § 50, etc.,) yet assails the recovery as unwarranted, upon the ground that the rule is inapplicable to the case at bar, because sufficient information of the special circumstances from which the damages arose was not imparted to it. In this view we do not concur. All that seems to be required is that sufficient information of such special circumstances be given by the one to the other of the contracting parties, so that the latter may be put upon reasonable inquiry concerning them. It was so held in Rittenhouse v. Independent Line of Telegraph, 44 N. Y. 263, 265, wherein the court of appeals say with reference to defendant's negligence in the transmission of a telegraphic message:

"If defendant's agents did not understand the importance or import of the message, they could have inquired of the plaintiff; and hence, for all the purposes of this action, it must be treated as fully understanding the message and the consequences which would result from its erroneous transmission."

See, also, Sprague v. Telegraph Co., 6 Daly, 200, affirmed 67 N. Y. 590.

We do not interpret the opinion of the court in Booth v. Rolling-Mill Co., supra, as intending that a contracting party may, notwithstanding that he has been sufficiently informed of the existence of a certain other contract, the performance of which is dependent upon performance of the proposed contract with him, to put him upon reasonable inquiry in respect thereto, shield himself against consequential damages by willfully or deliberately abstaining from the inquiry. With respect, therefore, to plain-

tiff's right to recover the profits of his contract with Kohl & Middleton, plaintiff had adequately discharged the duty incumbent upon him when he informed defendant that the ticket purchased for delivery to Rauth was required to enable the latter to proceed to Chicago in fulfillment of an engagement for his exhibition there on the 9th of January. It was then that defendant, by reasonable inquiry, could have ascertained, if it cared to know, what the probable extent of its responsibility for a breach of the proposed contract would be. Having refrained from the inquiry, and made the contract notwithstanding, defendant must be deemed to have intended to assume responsibility for such damage as plaintiff would sustain from the breach of the engagement for Rauth's exhibition in Chicago, in so far as that breach was occasioned by defendant's breach of its contract with him. It does not appear that plaintiff could reasonably have transmitted the means of enabling Rauth to proceed from Johnstown to Chicago in sufficient time to have prevented the nonfulfillment of his contract with Kohl & Middleton, and thus to have avoided the damage resulting from the loss of that contract, by others than defendant; hence plaintiff cannot be said to have contributed to the damage accruing from defendant's breach of contract, and the burden of proof that the damage was increased by plaintiff's neglect was upon defendant. Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. Rep. 427. At any rate, if other means were available to plaintiff in the respect stated, he was sufficiently excused from pursuing them by the assurances of defendant's agent that the ticket had been transmitted and delivered to Rauth.

The judgment is affirmed, with costs.