(7 Misc. Rep. 150.)

### ELDRIDGE et al. v. CROW.

(Common Pleas of New York City and County, General Term.   February 5, 1894.)

COUNTERCLAIM—CONTINGENT LIABILITY.

The answer, in an action on a note given for work done, alleged, as a counterclaim, that defendant was liable for injuries to one O., caused by plaintiff's negligence in performing the work; that defendant gave the note on condition that plaintiff should satisfy O.'s claim for damages; and that he had not done so,—but there was no allegation that defendant had paid such claim. *Held*, that such answer did not state facts sufficient to constitute a cause of action. 25 N. Y. Supp. 797, affirmed.

Appeal from city court, general term.

Action by George H. Eldridge and another against Moses R. Crow on a promissory note. From a judgment of the city court (25 N. Y. Supp. 797) affirming an order sustaining a demurrer to a counterclaim, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Albertus Perry, for appellant.

B. D. Eisler, for respondents.

BOOKSTAVER, J.   This action is upon a promissory note. The answer sets up a counterclaim, to which the plaintiffs demur on the ground that the counterclaim is not of the character allowed by law, not being a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, and on the further ground that it does not state facts sufficient to constitute a cause of action. The facts, as appear by the pleadings, are these: The village of South Mt. Vernon entered into a contract with a certain company, granting it the privilege of establishing and operating a system of waterworks in the village. The company, on its part, agreed not to unnecessarily obstruct the streets in the process of constructing the works, and, within a reasonable time after using the streets, to restore them, as nearly as practicable, to their former·condition, and to hold the village harmless from any and all damage arising from the negligence or mismanagement of the water company or its assigns or its employes in constructing and operating the said works. Subsequently, the water company engaged the defendant to do a portion of the work of construction by a contract identical in its essential features with

the one above stated, with the additional agreement that defendant should assume and perform all covenants and obligations entered into and incurred by the water company in its contract with the village. The defendant then engaged the plaintiffs to lay water pipes in certain streets under a contract which provided that, "upon completion of the trench for the laying of said water pipe, all rubbish and material should be removed from the streets, * * * and that the plaintiffs should be responsible for any and all injury to person and property caused by any want of care or neglect on the part of themselves, their servants or agents, in the prosecution of said work;" and it was also provided that "said plaintiffs should keep lights at night upon all open trenches while engaged in the performance of their said contract." The answer then goes on to allege performance on defendant's part, but that the plaintiffs did not remove rubbish, etc., and did not keep lights upon open trenches at night, "and that, in consequence thereof, one John O'Hara, while lawfully traveling and driving a team of horses upon one of said streets, without fault on his part drove into said trench so carelessly and negligently left open by the plaintiffs, and thereby one of his horses was so injured as to be rendered worthless, and other damage was sustained by said O'Hara; and the said O'Hara has presented a claim, as this defendant is informed and believes, to the board of trustees of said village, for the sum of one thousand dollars, ($1,000,) alleging that by the accident aforesaid he sustained damages in that sum." The defendant also alleges that under his contract with the water company he is liable for all such damages sustained by O'Hara; also, that the note sued upon "was given on account of plaintiffs' services under their said contract by him, and accepted by the plaintiffs subject to and upon condition that the plaintiffs settled with and satisfied the said John O'Hara for his claim for damages, as aforesaid;" and that they have not so settled or satisfied it.

The first ground of the demurrer is plainly untenable. Conceding, for the purpose of examining its character, that a cause of action is set up in the answer, it is certainly one on contract, and consequently permissible, under subdivision 2, if not (as plaintiffs argue exclusively) under subdivision 1, of section 501 of the Code of Civil Procedure. Whether any cause of action at all is stated is a more serious question. According to the answer the plaintiffs agreed in their contract to "be responsible for any and all injury to person and property caused by any want of care or neglect on the part of themselves, their servants or agents, in the prosecution of said work." Nothing is said as to how this responsibility is to be determined, or when it is to be discharged. Surely, the meaning cannot be that it is to be determined by the mere fact that some one has presented to the village a claim for damages alleged to be due by reason of plaintiffs' fault, and that plaintiffs must straightway pay that amount to the claimant, or suffer an equivalent deduction from the agreed sum due under the contract, and promised in the note sued upon. The answer does not purport to set forth this contract ipsissimis verbis, but presumably it contains the same

·covenant as is found in the two preceding and connected contracts, viz. "to hold the said village harmless from any and all damage." At any rate, since O'Hara has presented his claim to the village, the ·only way in which any loss appears to be threatening the defendant ·is through this covenant in his contract with the water company, ·and that covenant is not broken until some harm comes to the village.    In Kohler v. Matlage, 72 N. Y. 259, 266, the court said:

"It is settled that upon an obligation to do a particular thing, or to pay a debt for which the covenantee is liable, or to indemnify against liability, the right of action is complete on defendant's failure to do the particular ·thing he agreed to perform, or to pay the debt or discharge the liability. Belloni v. Freeborn, 63 N. Y. 383; Churchill v. Hunt, 3 Denio, 321; Thomas ·v. Allen, 1 Hill, 145.   The distinction is clearly defined between such an obligation and an indemnity against loss or damage by reason of a liability. In the former case the covenantee is to be saved from the thing specified, and in the latter from the consequences of it.   Gilbert v. Wiman, 1 N. Y. 550; Belloni v. Freeborn, 63 N. Y. 383; Churchill v. Hunt, 3 Denio, 321; Thomas v. Allen, 1 Hill, 145."

The agreement here belongs on authority to the latter class.    In Wright v. Whiting, 40 Barb. 235, 238, it was said that, under an .agreement "to indemnify and keep harmless," the defendant was clearly not liable until something had been paid by the covenantee. But whether, in such a case as this, both payment and liability must concur before a right of action arises from the covenant of indemnity, it is not necessary to decide, because there is here neither the one nor the other.    Although the decisions on this subject are widely variant, we do not find that it has ever been held that an action can be brought when neither payment has been made nor liability adjudged.    See Merlette v. Steamboat Co., 13 Daly, 114. In Eagle Tube Co. v. Edward Barr Co., (Com. Pl. N. Y.) 10 N. Y. Supp. 113, relied upon by the appellant, the defendant had substantially made payment, and on facts clearly establishing a liability to pay.

Appellant's counsel also urges that, without the allegations relating to O'Hara's damages, the answer states a good cause of action, in that it alleges the plaintiffs' breach of their agreement to remove rubbish and material from the streets, and that by reason of this breach the defendant sustained damage.    Had the pleading stopped here, this argument might have been good, but, instead, it goes on to specify in what the damages consisted; but, as has been said, these alleged damages cannot be allowed as such.    In his argument the counsel says that the expense of removing the rubbish and material was a damage which flowed necessarily from plaintiffs' breach, and the defendant is entitled to recover such damage.    Not even in his brief—much less in the pleading—is it contended that the defendant incurred the expense of such removal.    On the contrary, the clear inference from the answer is that the only damage complained of is that which is likely to fall upon him because of the O'Hara accident.    We see no reason why the maxim, "expressio unius est exclusio alterius," should not apply in such a case as this, where an unverified general denial was first put in, then leave to serve an amended answer was obtained, and finally the present evasively worded counterclaim set up.    The suspicion that a desire

for delay, and not a consciousness of a meritorious defense, prompts defendant's course, is hard to escape.

The allegation that the note on which the action is brought was given and accepted upon condition that the plaintiffs settle with O'Hara for his claim for damages presents no good defense. There is no allegation that such settlement was to be a condition precedent to recovery upon the note, and, even if it were, it would be a parol agreement, which could not be proved to vary or defeat the written contract. Bank v. Smith, 27 Barb. 489, and cases cited;. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452; Burhans v. Carter, 13 Hun, 153; Cramer v. Lovejoy, 17 N. Y. Wkly. Dig. 381. Neither· is there any statement that the agreement to settle O'Hara's claim was any part of the consideration of the note; on the contrary, it is expressly said to have been given "on account of plaintiffs' services under their said contract." Furthermore, this agreement is not, upon any construction, a good defense, because, if it was merely a. reaffirmance of the liability already existing on the original written contract, it was futile to replead it. If, on the other hand, it adds to the former liability by binding the defendant to pay O'Hara's. claim, whether valid or not, it is sufficient to say that no consideration appears. The giving of the note was not a consideration, because that is stated to have been given on account of plaintiffs'' services under the original contract. The judgment of the court below must therefore be affirmed, with costs. All concur.