(20 Misc. Rep. 576.)

TOPLITZ v. KING BRIDGE CO.

(Supreme Court, Appellate Term. July 1, 1897.)

1. ASSIGNMENTS—PLEADING AND PROOF.
    Under a complaint, alleging an assignment of the cause of action by a corporation, proof of an assignment by its receivers does not constitute a material variance, and is not irrelevant.

2. SAME—CONSIDERATION—IMPEACHMENT.
    Where no rights of creditors of the assignor are involved, a defendant, sued on an assigned claim, cannot inquire into the consideration of the assignment.

3. SALES—NONDELIVERY—DAMAGES.
    In an action for failure to deliver goods at the time stipulated in a contract, damages arising through inability to use the goods in completing a contract which required a forfeit for delay, cannot be proved unless specially pleaded.

4. SAME—PLEADING—BILL OF PARTICULARS.
    An omission to plead special damage cannot be supplied by statements in a bill of particulars.

Appeal from city court of New York, general term.

Action by George Toplitz against the King Bridge Company. A judgment entered upon a verdict in favor of plaintiff was affirmed by the general term of the city court (45 N. Y. Supp. 1149), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

James Stikeman, for appellant.
Wales F. Severance and Myron H. Oppenheim, for respondent.

DALY, P. J.    The action was brought to recover for goods sold to the defendant by the Pottsville Iron & Steel Company, and the plaintiff sued as assignee of the company.    The defendant, in its answer, after several denials upon information and belief, set up the appointment of receivers of the said company before the making of the assignment to the plaintiff, and that the assignment was in fraud of the rights of the persons represented by the receivers, and was made without consideration.    The answer also contained a separate defense and counterclaim of damages for failure to deliver and ship the said goods within 10 days under the contract which it was alleged the receivers of the said company had made with defendant.    On the trial the plaintiff proved, not an assignment from the company, but an assignment from the receivers, and numerous objections were made to it, none of which are tenable.    The objection that the company had no power or authority to execute such a paper is bad, because no paper executed by the company was offered.    The objection that it was irrelevant under the complaint, and at variance with the complaint, which alleges an assignment by the company, and not by the receivers, was bad, because the receivers were managing the business of the company, and the variance between the proof and the pleading was immaterial, since defendant made no claim that it was misled, but, on the contrary, alleged in its answer the appointment of the receivers, and that the contract upon which it counterclaimed was made with them.    The objections that the assignment was colorable, fictitious, and without consideration, and that a receiver had no right to give away a claim, were properly overruled, because there was no evidence to sustain them.    Mr. Atkins, president of the company, and one of the receivers, stated that this case was one of several outstanding matters, which was the principal reason why the receivership was not terminated, but this in no wise tends to sustain the objections upon the grounds mentioned.    But, even if no consideration had been paid by the assignee, the defendant would be protected by making payment to him, and therefore cannot object to his title.    "A plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the assignment.    The defendant has no legal interest to inquire further. A payment to, or a recovery by, an assignee occupying this position is a protection to the defendant against any claim that could be made by the assignor.    *  *  *  Conceding that the circumstances were such as to justify the jury in finding that it was colorable as between the parties, yet that would constitute no defense on the ground that the plaintiff was not the real party in interest.    Such an inquiry may become material if rights of creditors were involved, or upon the right of interposing some defense or counterclaim against the assignor.    Nor is it of any moment that no consideration was paid for the assignment by the assignee.    The assignor could give the assign-

ment to the plaintiff, or sell it to him for an inadequate consideration, or without any consideration. It is enough if the plaintiff has the legal title to the demand, and the defendant would be protected in a payment or recovery by the assignee." Sheridan v. Mayor, etc., 68 N. Y. 30. The rights of the creditors are not involved in such a way in this case as to require or permit the defendant to go into the inquiry as to consideration. If there were no consideration, creditors of the company will have their remedy against the receivers, and their sureties for any improvident or improper disposition of the assets. It would lead to great inconvenience and hardship upon debtors if they were required in such a case as this to litigate the question of the propriety of a receiver's act in assigning demands, when the assignment is properly executed, and valid on its face. If the debtor is not required to go into the question, he should not be permitted to do so at his option. If he is protected by payment to the assignee, that is enough for him, and, in the language of the case just quoted from, he has no legal interest to inquire further.

The assignment was also objected to on the ground that it was not executed by both of the receivers. It was signed as follows: "Wm. Atkins, for Wm. Atkins and S. B. Briscoe, Receivers." Mr. Atkins testified that he had authority from Briscoe to sign this paper for him. The objection, therefore, was properly overruled.

A motion to dismiss the complaint was made on the ground that the plaintiff had not shown title to the cause of action set forth in the complaint; and the argument was that "the complaint alleges that the goods were sold and delivered by the Pottsville Iron & Steel Company, and that the company assigned the cause of action to the plaintiff, while the only evidence of such assignment is a paper purporting to be executed by one of the receivers of the company; and that, although an individual can give away a claim, a receiver cannot, and therefore it appears that this claim still belongs to the receivers, and that the assignment was purely colorable and fictitious, and therefore void." While the complaint alleged a sale by the company, the plaintiff was allowed to prove, without objection, that the sale was made by the receivers of the company; and a written stipulation on behalf of the defendant was read, admitting that the goods, wares, and merchandise mentioned in the complaint were sold and delivered to the defendant at and between the dates mentioned in the complaint, and the plaintiff need not prove the sale and delivery thereof. It must, therefore, be considered that the variance between the allegation of a sale by the company and the proof of a sale by the receivers was waived by the reception of such proof without objection, by the stipulation and by the form of the motion to dismiss the complaint, which attacked only the plaintiff's title to the cause of action, and that upon grounds which already have been shown to be untenable.

The defendant entered upon proof of its counterclaim against the receivers for the nondelivery of certain goods ordered by it, and proved the sending of these orders to the receivers, and their acknowledgment that certain of them would receive prompt attention, and proved certain delays in delivery, but there was no competent evidence of damage for such delays. The court properly sustained objection to

the questions put to witnesses as to whether the goods were shipped as called for in the contract, and what amount of damage the defendant sustained, or whether it sustained any damage, since all of these questions called for conclusions merely. The court also properly excluded evidence offered by the defendant to show that the goods ordered were needed to complete a contract it had to construct a railroad bridge, under which contract it had to pay a forfeit for delay. As no such special damage had been set up in the counterclaim, the evidence was properly excluded. The measure of the defendant's. damage for the receivers' failure to deliver the goods ordered would be the difference between the contract price and the market price at the time and place of delivery. Manufacturing Co. v. Andrew, 33 N. Y. St. Rep. 123, 11 N. Y. Supp. 234. If, therefore, special damages are claimed, they must be set forth in the pleading. Parsons v. Sutton, 66 N. Y. 92, 96, and cases cited. The appellant claims that this omission in the counterclaim was supplied by its bill of particulars, which set forth the facts constituting the special damage. But the bill of particulars is not a part of the pleadings, and cannot enlarge the cause of action. Abb. Brief Pl. pp. 125, 624, §§ 133, 745. Nor did the defendant attempt to show that the vendor made the sale with knowledge that the goods were to be used by the vendee under a particular contract which contained a penalty for delay. It is only where the parties have made the contract in contemplation of such special circumstances that special damages therefor can be recovered. Eagle Tube Co. v. Edward Barr Co., 16 Daly, 212, 10 N. Y. Supp. 113; Booth v. Mill Co., 60 N. Y. 487. So that, even if the proof were admissible under the bill of particulars, it fell short of what was necessary to make out a complete claim. It also appeared that there was an acceptance of the goods after the time fixed for delivery, and this was a waiver of strict performance. Manufacturing Co. v. Andrew, supra. A motion was made by defendant to amend its pleading, and denied, and the discretion of the court in this respect is not reviewable by us. The statement of the court that the amendment would not be granted unless the plaintiff's counsel consented, is claimed to have been a refusal on the part of the trial judge to exercise his discretion, and a delegation of his power to the adverse party. This contention cannot be taken seriously.

The case was submitted to the jury upon one point only, and that is an allowance claimed by the defendant for extra freight charges which it was compelled to pay by reason of the goods sued for having been manufactured heavier than required by the order, and delivered in a careless manner. The jury made the allowance which the defendant claimed in this regard, and otherwise found for the plaintiff for the whole amount sued for. The defendant asked to be allowed to go to the jury upon the question of the plaintiff's title. This was properly refused, for there was no question of fact on that point. It also asked to go to the jury upon the question of damages sustained under its counterclaim. The court ruled that it was entitled to nominal damages only, to which an exception was taken. As no competent proof was offered of the only damages recoverable by the defendant under its pleading, this ruling was correct. None of the numer-

ous exceptions in the case present error for which the judgment should be disturbed.

Judgment affirmed, with costs.    All concur.