BALDINGER et al., Appellants, v. NAUGHTON, Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Louis Baldinger and another against Michael J. Naughton. No opinion. Motion for leave to discontinue appeal granted, upon payment, within 10 days, of $25 costs to the respondent; otherwise, motion denied, with $10 costs.

———

BALL, Appellant, v. DURHAM et al., Respondents. (Supreme Court, Appellate Division, Third Department. January 14, 1902.) Action by John C. Ball against George C. Durham and another. No opinion. Order affirmed, with costs.

———

BARLOW, Appellant, v. GILLET, Respondent. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Everett D. Barlow against Ransom H. Gillet. No opinion. Judgment unanimously affirmed, with costs.

———

BARONDESS, Respondent, v. KAMINSKY et al., Appellants. (City Court of New York, General Term. November, 1901.) Action by Joseph Barondess against Paul M. Kaminsky and others. William Klingenstein, for appellants. Henry Kuntz, for respondent. No opinion. Judgment and order affirmed, with costs.

———

BARSON et·al. v. MULLIGAN et al. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by William G. Barson and another against Agnes K. M. Mulligan and another. No opinion. Motion denied.

———

BARTLES, Respondent, v. SCHWAB, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by William D. Bartles against Gabriel Schwab. No opinion. Motion denied.

———

BATES v. HOLBROOK et al. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Benjamin L. M. Bates against Frederick Holbrook and others. No opinion. Motion granted, on applicant giving a bond of $20,000.

———

BENNETT, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Julia C. Bennett against the Brooklyn Heights Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur, except GOODRICH, P. J., who dissents.

———

BERKELEY v. KENNEDY et al. (Supreme Court, Appellate Division, First Department. December 20, 1901.) Action by Lancelot M. Berkeley against Andrew J. Kennedy and another. No opinion. Motion denied.

———

BERNHARD, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Charles Bernhard against the Manhattan Railway Company. T. L. Waugh, for appellant. J. C. Bushby, for respondent. No opinion. Judgment modified, by reducing the amount awarded for fee damage to $1,000, and by reducing the judgment for rental damage, costs, allowance, etc., as entered, to the sum of $1,240.33, and, as so modified, affirmed, without costs to either party.

———

BERNSTEIN, Respondent, v. HASHARE, Appellant. (Supreme Court, Appellate Term. December, 1901.) Action by Isaac Bernstein against Isadore Hashare. Joseph Rosenszweig, for appellant. Marks & Marks (Joseph Fischer, of counsel), for respondent.

McADAM, P. J. The plaintiff's assignor, Abraham Rosenberg, on being introduced to the defendant, was asked by him whether he knew any business suitable for him, as he had a few thousand dollars to invest. Rosenberg said he had such a business in mind, and knew of a man who wanted a partner with means, but that the defendant would have to pay him $100 commission for his services. The parties thereupon proceeded to No. 26 Pitt street, where one Greeman and another had a business as iron workers. Rosenberg introduced the defendant to Greeman, and as a result of the introduction a partnership was formed between the two. There can be no doubt about the employment of Rosenberg by the defendant and that he accomplished the object of such employment. The only serious dispute is as to the rate of compensation, the defendant claiming that he first agreed upon $25, and afterwards upon $50, which he paid. Rosenberg claimed that $100 was the only price agreed upon, and at all times demanded by him,· and that $50 was paid on account thereof, leaving $50 due, for which sum the justice awarded the plaintiff a judgment. The assignor certainly performed valuable services to the defendant, and the only issue seriously contested was whether the agreed price was $50 or $100. The justice found according to the plaintiff's contention, and it is impossible for us to determine that he was bound to decide the other way. The question, put to the witness Greeman, as to whether Rosenberg had tried to borrow money from the defendant, was properly ruled out as calling for a conclusion, not a conversation, and as incompetent, because no time had been fixed, either in the question or the offer that accompanied it. Rosenberg had transferred his claim on March 5, 1901. What he said or did after that could not prejudice his assignee, the plaintiff. The assignment is in legal form, and passed the cause of action to the plaintiff. Sheridan v. Mayor, etc., 68 N. Y. 30; Bedford v. Sherman, 68 Hun, 322, 22 N. Y. Supp. 892; Toplitz v. Bridge Co., 20 Misc. Rep. 578, 46 N. Y. Supp. 418; Costello v. Herbst, 18 Misc. Rep. 180, 41 N. Y. Supp. 574. There are no other exceptions in the case that require comment. The judgment must be affirmed, with costs. All concur.

———

BERNSTEIN v. MARX. (Supreme Court, Appellate Division, First Department. Febru-