ERNST v. ELECTRICAL AUDIT & REBATE CO.

(Supreme Court, Appellate Term.    March 17, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—ELECTION BETWEEN CAUSES.

A bill of particulars, filed in the Municipal Court, setting forth one cause of action for breach of contract and another for fraud, filed after the joinder of issue on an oral complaint and answers for breach of contract, does not require plaintiff to elect on which cause he will proceed, as the bill of particulars does not enlarge the cause of action set out in the complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. CONTRACTS (§ 303*)—BREACH OF CONTRACT.

Defendant agreed for a specified fee to inspect plaintiff's "electric installation for the purpose of determining the correctness of charges for a current," and without extra charge to audit bills for one year from date of the contract, and "all bills for past two years, and guarantee to obtain rebates on all overcharged bills to date or refund the fee paid under this contract." Held, that plaintiff cannot claim a breach of contract in failing to obtain rebate for overcharges, without proof of the presentation to defendant of such bills to be audited.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1425; Dec. Dig. § 303.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Milton L. Ernst against the Electrical Audit & Rebate Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Olcott, Gruber, Bonynge & McManus, for appellant.
Irving C. Fox, for respondent.

MacLEAN, J.  The plaintiff orally complained for "breach of contract," and the defendant orally answered, "General denial; bill of particulars." Issue was thus joined on the return day of the summons, June 15, 1908. Thereafter, by a bill of particulars dated June 20, 1908, the plaintiff set forth two causes of action, both in force and effect— one for breach of contract, and the other for fraud, particularizing each cause. The trial justice at the trial denied the motion of counsel for the defendant "that the plaintiff be directed to elect as to which cause of action he will go on."  The denial of the motion was strictly proper, as but one cause of action had been pleaded, viz., breach of contract,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and by the interposition of its general denial the defendant raised issue thereon prior to any submission of a bill of particulars, which, as has been said by this court, "is not a part of the pleadings and cannot enlarge the cause of action." Toplitz v. King Bridge Co., 20 Misc. Rep. 576, 580, 46 N. Y. Supp. 418. Its office is one of amplification. Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 323, 76 N. Y. Supp. 671.

The agreement, for the breach of which this action was instituted, reads as follows:

"Electrical Audit and Rebate Company, Incorporated.

"Metropolitan Life Building, Madison Square, New York.

"Date, Dec. 17/06.

"We request you to make such inspection as you deem necessary of our electric installation, for the purpose of determining correctness of charges for current, and agree to pay your inspector $100 on presenting certificate of inspection.

"It is further understood and agreed that, without extra charge, you will obtain the cheapest contract for our electric current, also test our meters, and examine motors, whenever necessary, and audit our bills for one year from date, as they are presented to you monthly; also all bills for past three years, and guarantee to obtain rebates on all overcharged bills to date, or refund the fee paid under this contract.

"Solicitor, ———.                                    Name.

"Address.

"Not responsible for any agreement made with solicitor other than stated herein.

"Accepted:   Electrical Audit & Rebate Co."

What the defendant agreed to do was expressed in the above, whereon was expressly excluded any agreement made with a solicitor other than therein stated. An inspection was made; and certificate, dated December 18, 1906, was given therefor; but, failing to prove the presentation to the defendant of any bills for audit subsequent to the date of his agreement with the defendant, or the presentation of any overcharged bill for a period of two years prior thereto, the plaintiff clearly failed to establish a breach of that agreement by the defendant, or of its guaranty therein contained; for, although in its letter of January 5, 1907, to the plaintiff, the defendant stated, "We claim positively there are overcharges," it does not appear whether the overcharges were upon current bills or upon bills to date of agreement.

The cause for fraud was not in issue, nor consented to be tried by the defendant, and therefore was not established. In all the vagueness of the powers committed to the Municipal Court by the Municipal Court act (Laws 1892, p. 1732, c. 685), it is not provided that the learned trial justices may frame up new declarations and allegations for plaintiffs. The judgment must therefore stand as rendered.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J. (concurring). The pleadings are oral; the complaint being for "breach of contract" and the answer, "General denial; bill of particulars." Issue was thus joined June 15, 1908. Thereafter, in a bill of particulars dated June 20, 1908, the plaintiff set forth two causes of action, viz., one for breach of contract, and the

other for fraud. The trial justice denied defendant's motion that plaintiff be directed to elect upon which cause of action he would proceed. The bill of particulars did not change or enlarge the cause of action pleaded, and but one cause of action was before the court when the motion was made. It was not error to deny the motion.

In the course of the trial the plaintiff was asked, by his counsel, to state a conversation he had with a representative of the defendant. The court overruled the objection and said:

"The Court: I suppose it is going in on the theory of fraudulent representations."

To which remark plaintiff's counsel assented. At the close of plaintiff's case defendant's counsel moved to dismiss the complaint on the ground that the plaintiff had failed to establish a cause of action, naming no particular kind of action. Decision was reserved, whereupon defendant rested, without producing any testimony, and renewed the motion to dismiss. In due time the court rendered judgment in favor of the defendant. The contract (Plaintiff's Exhibit A), out of which the controversy arises, is as follows:

"Electrical Audit and Rebate Company, Incorporated.

"Metropolitan Life Building, Madison Square, New York.

"Date, Dec. 17/06.

"We request you to make such inspection as you deem necessary of our electrical installation, for the purpose of determining correctness of charges for current, and agree to pay your inspector $100 on presenting certificate of inspection.

"It is further understood and agreed that, without extra charge, you will obtain the cheapest contract for our electric current, also test our meters, and examine motors, whenever necessary, and audit our bills for one year from date, as they are presented to you monthly; also all bills for past three years, and guarantee to obtain rebates on all overcharged bills to date, or refund the fee paid under this contract.

"Solicitor, ———.                                          Name.

"Address.

"Not responsible for any agreement made with solicitor other than stated herein."

The record shows that the trial justice permitted evidence tending to establish an action for fraud, and the defendant's counsel stated, in reply to a question from the court, that he was prepared to meet that issue. Under the liberal practice obtaining in the Municipal Court, an issue of fraud was tendered. To make out such a cause of action, and recover the $100 paid to the defendant by the plaintiff when he received the certificate of inspection, on December 18, 1906, it was necessary to show that the defendant's agent had represented that the plaintiff was being, and had been, overcharged for his electric power; that the plaintiff believed said representation, and was induced thereby to enter into the contract and part with the $100; and that said representation was false. There is proof of the making of the representation by defendant's agent, but no proof of its falsity. The contrary is the fact.

The appellant claims the defendant should have offered some excuse for not being able to obtain the rebate it guaranteed. This burden did

not fall upon the defendant until some proof was presented by the plaintiff upon which an obligation to return the $100 to the plaintiff could be predicated. No such proof appears. The guarantee was to "obtain rebates on all overcharged bills to date, or refund the fee.". The contract required the defendant to audit the bills for one year from date, as they were presented to the defendant monthly; "also bills for past three years." The plaintiff never presented any bills to the defendant for audit. An action for fraud was not made out, nor does the proof establish an action for breach of contract.

The judgment should be affirmed, with costs to the respondent.

DAYTON, J. (dissenting). The contract was entered into after defendant's agent had examined several bills and stated:

"You are not getting all the rebate you ought to get. You ought to get anywhere from 20 to 40 per cent. more than your bills show. * * * Your landlord is getting 50 per cent. Anything you are charged for higher than that you are being done for. * * * We will take your case. * * * If we do not get you a rebate of $100, we will give you the $100 cash."

On this conversation the contract was signed. It guaranteed to "obtain rebates on all overcharged bills to date or refund the fee [$100] paid under this contract." Several weeks thereafter defendant wrote plaintiff:

"We shall prove to them that they have been overcharging you continually. * * * We claim positively that there are overcharges."

No rebates were received. By the contract defendant undertook to obtain the cheapest contract and audit bills one year from date; also all bills for the past three years and obtain rebates as above set forth. The evidence shows that defendant did nothing under the contract and is guilty of a breach thereof. The bills were presumably at plaintiff's place of business. Defendant's duty was to audit them there. Plaintiff was under no obligation to seek the defendant, after its acceptance of $100 to perform an agreed service therefor.

The judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.