In the Matter of the Probate of the Will of MARGARET CALDWELL, Deceased.

Surrogate's Court, Orange County, October 26, 1945.

*William J. Lamont* for proponent.

*Jack Bartley* for Magdalene Miller and another, contestants.

*Cassedy & Northrop* for Marion Keefer, legatee.

*Daniel Becker,* special guardian for Janet F. Keefer, an infant, legatee.

TAYLOR, S.  Upon the presentation of an order directing a trial by jury of this contested probate and framing the issues to be submitted to the jury, the proponent's counsel called to the court's attention the fact that an order had heretofore been entered in this proceeding precluding the contestants from presenting upon the trial any evidence with respect to fraud and undue influence because of the failure to serve a bill of particulars of such claimed fraud and undue influence, pursuant to an order of this court.  The special guardian has very earnestly urged that because of this preclusion order questions of fraud and undue influence should not be contained in the order framing the issues.  The question is an interesting one and the Surrogate's research has not disclosed any authority in point.

The special guardian contends that as an order of this court precludes the contestants from presenting any evidence of fraud and undue influence, it would be quite useless, if not senseless, to now direct that questions be submitted to the jury with respect to these subjects.

It would seem there could be no question that the issues to be framed and presented to the jury should in the first instance be based upon the petition for probate and the objections which, in this court, constitute the pleadings.  (*Matter of Hearns,* 214 N. Y. 426.)

An answer to the problem requires a brief analysis of the scope, purpose and effect of bills of particulars.

It is well settled that a bill of particulars is not a pleading (*U. S. Printing & Lithograph Co.* v. *Powers,* 171 App. Div. 406; *Toplitz* v. *King Bridge Co.,* 20 Misc. 576).

It is the purpose of a bill of particulars to amplify a pleading and to limit the proof and not to change a cause of action stated in the complaint or to state a cause of action other than the one there stated (*St. Albans Beef Co.* v. *Aldridge,* 112 App. Div. 803).

By the same token a bill of particulars will not supply a defect in a pleading, its purpose being rather to limit the evidence (*Royle* v. *McLaughlin,* 195 App. Div. 413).

A bill of particulars does not make the complaint bad or the answer good; it will not cure the defendant's omission to plead the defense of the Statute of Frauds or nullify the waiver or abandonment of that defense to be inferred from such omission; it will serve merely to explain and make definite the allegations set forth in the pleading and thus limits the proof to be offered at the trial (*Harmon* v. *Peats Co.,* 243 N. Y. 473, 476).

Applying these deductions to the question presented it follows that the petition and objections are the pleadings which form the groundwork for the framing of the issues to be presented to the jury. The questions of admissibility of evidence should be reserved for the trial. Any variance between the bill of particulars and proof must be taken at the trial (*Smith* v. *Hicks,* 1 Wend. 202; *Henry* v. *Dietrich,* 7 N. Y. S. 505).

A preclusion order does not *ipso facto* require that evidence with respect to the particulars demanded and which the contestants failed to furnish be excluded. Such order merely affords to the proponent the right to have his proper objection, if he chooses to make it, sustained. The proponent might choose to waive such objection and if such were done the court would receive such evidence.

By way of analogy it may be mentioned that on an examination before trial courts will not rule upon the competency or materiality of evidence presented or pass upon objections made to the competency of the witness under section 347 of the Civil Practice Act, even in those instances where it may appear at the time that the objection was unquestionably well founded, for all such rulings must be reserved for the trial. (*Lemlich* v. *Lemlich,* 266 App. Div. 748; *Kleinfield* v. *Katz,* 265 App. Div. 948; *Antun, Inc.,* v. *Viola,* 235 App. Div. 816; *Bioren* v. *Canadian Mines Co.,* 140 App. Div. 523.)

If local court rules (*vide*) are followed the order directing trial by jury and framing issues would be signed and entered long before either party had an opportunity to make any motions for bills of particulars and the like.

To omit these questions from the order framing the issues would be tantamount to the granting of a motion, not made, to strike out certain of the contestants' objections.

The order as presented containing questions with respect to fraud and undue influence has been signed and entered.