Oscar Murov, J.
Plaintiff herein opposes defendants motion for leave to file an amended answer and cross-moves ".for summary judgment.
Plaintiff’s opposition comes on two grounds. He argues that the counterclaim is based on grounds the same as or nearly the same as those asserted as an affirmative defense in the answer. *865 Defendant is now precluded from giving evidence relating to matters requested in a bill of particulars concerning his affirmative defense (CPLR 3042, subd. [c]) and it is plaintiff’s position that defendant ought not to be permitted to circumvent the effect of the preclusion order by giving such evidence in connection with a counterclaim. Plaintiff further suggests that the counterclaim is barred by the Statute of Limitations (CPLR 203, subd. [e]) which provides as follows: “A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” Plaintiff urges that the reference to the transaction in defendant’s affirmative defense does not constitute notice because it was stated in conclusory language and that further needed embellishment is barred by the preclusion order.
Defendant served a reply by mailing it to plaintiff’s attorney on December 4,1973. The court did not receive defendant’s papers until December 6, 1973, 13 days after the date due. No reasons are offered for the tardy submission and the court will therefore refuse to consider the reply. (Gnozzo v. Marine Trust Co. of Buffalo, 258 App. Div. 298, rearg. den. 259 App. Div. 788, affd. 284 N. Y. 617; Wallin v. Wallin, 34 A D 2d 870.)
The court is unconvinced that leave to amend must be denied because the facts to be proved in the counterclaim are, as plaintiff alleges, the same as those precluded in the affirmative defense. That line of cases cited by plaintiff in support of the proposition “ that a party cannot thwart a preclusion order by circumvention ” has not been used to bar an amendment. (See, e.g., Schultz v. Kobus, 15 A D 2d 382, denies order of dismissal sought with view to commencing a new action; Bieniek v. Miller Drug Stores, 25 A D 2d 941, grants motion dismissing second action; Palmer v. Fox, 28 A D 2d 968, affd. 22 N Y 2d 667, grants motion dismissing second action; Dent v. Baxter, 37 A D 2d 908, denies motion to vacate summary judgment awarded defendant on assumption that preclusion order against plaintiff was valid.)
As far as this court is concerned the preclusion order continues operative and all objections to offerings of evidence must be held in abeyance until the trial if and when the evidence is offered, whether in support of the affirmative defense or the counterclaim. (Matter of Caldwell, 186 Misc. 60.) In Jersey v. Glode Requa Coal and Lbr. Co. (13 A D 2d 507 [2d Dept.]) while refusing to decide whether or not, by reason of a prior *866 preclusion order, a plaintiff would be unable to establish a prima facie case (Israel v. Drei Corp., 5 A D 2d 987) the court held it could not establish from the record therein that the plaintiff would be precluded by- the prior order from introducing evi- ' dence at the trial sufficient to make a prima facie case. The First Department has taken a more definitive position by adopting the rule of the Israel case, which refuses to grant summary judgment against a party when a motion therefor is made on the theory he will not be able to make out a prima facie case because of the impact of a prior preclusion order against him. (Jawitz v. British Leland Motor, 72 Misc 2d 594.)
The court does not adopt plaintiff’s reasoning with respect to the claimed insufficiency of notice of the counterclaim. “ Anotmc interesting speculation is what would have been the result in Nichimen if defendant’s original answer contained and affirmative defense, or even a denL-.l, wb‘ch gave notice of the transactions involved in the subsequent < ^’claim? Since the original pleading need only interpose f im. ’ to serve as a notice-giving device it is submitted that i: i affirmative defense or a denial might properly apprise the plaintin of a potential counterclaim, and, thus, could save the counterclaim from the bar of the statute of limitations.” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 203, Practice Commentary, p. 124.)
By virtue of the discretion vested in the court with respect to the amendment of pleadings and in consonance with the liberal policy adopted by courts in this State, this motion by the defendant for leave to amend his complaint is hereby granted. (6 Carmody-Wait 2d, New York Practice, § 34:22.)
The court has read plaintiff’s letter of December 7,1973 which addresses itself to statements in the reply. As was indicated hereinabove, the court’s decision in this matter is made independently of any consideration of the intended reply and the court will therefore refuse to consider plaintiff’s arguments with respect to those statements in its determination of the cross motion for summary judgment.
There remains a sufficient triable issue concerning the fact and/or the sufficiency of plaintiff’s performance such as would militate against granting summary judgment in favor of the plaintiff. It is therefore the order of the court that plaintiff’s motion for summary judgment be denied and that defendant’s motion for leave to serve an amended answer to include a counterclaim as proposed in the defendant’s affidavit is granted, with $10 motion costs assessed against the defendant, but any recov *867 ery that may he had thereon shall be limited to the extent of the demand in the complaint (CPLR 203, subd. [c]). As a condition of the granting of defendant’s motion, defendant shall be required to serve his amended answer within 10 days from entry of the order hereon. Furthermore, in view of the protracted nature of this litigation, it is the order of the court that the case shall retain its position on the calendar.